UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ROBBY RICHIE, | ) | |
|---|---|---|
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| VS. | ) | CAUSE NO. 3:17-CV-492 RLM-MGG |
| | ) | |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| DEFENDANT | ) | |

OPINION and ORDER

Robby Ritchie[1] seeks judicial review of a final decision denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g). The court heard argument on July 18 and now vacates the Commissioner's decision and remands this case for further proceedings consistent with this opinion.

I. BACKGROUND

Mr. Ritchie's application for disability insurance benefits was denied initially, on reconsideration, and after an administrative hearing at which he and a vocational expert testified. Based on the record before her, the ALJ found that Mr. Ritchie had severe impairments—diabetes mellitus with neuropathy in the

---

[1] The complaint's caption spelled the plaintiff's last name Richie, so the court maintains this spelling in this order's caption. But the record demonstrates that his last name is Ritchie, which is how the court refers to him in this order.

bilateral hands and feet and obesity—and non-severe impairments—back and neck impairments, hepatitis C, and hypertension—but concluded that none of his impairments met or medically equaled any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.

The ALJ decided that Mr. Ritchie had the residual functional capacity to perform light work, as defined in 20 C.F.R. § 404.1567(b), with limitations,[2] and was able to perform his past relevant work as an automobile painter. The ALJ concluded that he wasn't disabled within the meaning of the Social Security Act and wasn't entitled to benefits. When the Appeals Council denied Mr. Ritchie's request for review, the ALJ's decision became the Commissioner's final decision. Sims v. Apfel, 530 U.S. 103, 107 (2000); Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). This appeal followed.

## II. STANDARD OF REVIEW

The issue before the court isn't whether Mr. Ritchie is disabled, but whether substantial evidence supports the ALJ's decision that he wasn't disabled. Scott v. Astrue, 647 F.3d 734, 739 (7th Cir. 2011); Nelms v. Astrue, 553 F.3d 1093, 1097 (7th Cir. 2009). Substantial evidence means "such relevant

---

[2] The ALJ concluded that Mr. Ritchie could occasionally climb ramps, stairs, ladders, ropes, or scaffolds and occasionally balance, stoop, kneel, crouch, and crawl, but "should avoid all exposure to unprotected heights, and dangerous moving machinery." [Doc. No. 15 at 18]. She also determined Mr. Ritchie could "frequently handle, finger and feel bilaterally." Id.

2

evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Jones v. Astrue, 623 F.3d at 1160. The court can't reweigh the evidence, make independent findings of fact, decide credibility, or substitute its own judgment for that of the Commissioner, Simila v. Astrue, 573 F.3d 503, 513 (7th Cir. 2009); Powers v. Apfel, 207 F.3d 431, 434–435 (7th Cir. 2000), but instead must conduct "a critical review of the evidence, considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision." Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005). While the ALJ isn't required "to address every piece of evidence or testimony presented, he must provide a 'logical bridge' between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." Jones v. Astrue, 623 F.3d at 1160. ALJs must "sufficiently articulate their assessment of the evidence to assure [the court] that they considered the important evidence and to enable [the court] to trace the path of their reasoning." Scott v. Barnhart, 297 F.3d 589, 595 (7th Cir. 2002) (internal quotations omitted).

### III. DISCUSSION

Mr. Ritchie presents five issues for review: (1) whether substantial evidence supported the ALJ's step two determination that Mr. Ritchie's neck and lumbar impairments weren't severe; (2) whether the ALJ properly determined that Mr.

Ritchie's impairments didn't meet or medically equal a listing; (3) whether the ALJ erred in crafting her residual functional capacity determination; (4) whether the ALJ's credibility determination is patently wrong; and (5) whether the Appeals Council erred when considering newly submitted evidence. Mr. Ritchie asks the court to either reverse the Commissioner's decision and award benefits or remand the case for further proceedings.

Mr. Ritchie first argues that the ALJ erred at step two of the sequential evaluation of disability when she determined that Mr. Ritchie's neck and lumbar impairments were "non-severe." Mr. Ritchie argues that the ALJ didn't address evidence in the record that could have supported a finding that those impairments were severe.

At step two, an ALJ considers the medical severity of the claimant's impairment; the burden was on Mr. Ritchie to show that he had a "severe impairment." 20 C.F.R. § 404.1520. The step two inquiry is "a *de minimis* screening for groundless claims" and "[a]n impairment is not severe only if it is a slight abnormality that has no more than a minimal effect on the ability to do basic work activities." Meuser v. Colvin, 838 F.3d 905, 910 (7th Cir. 2016) (internal quotations omitted).

Despite evidence in the record that Mr. Ritchie's neck and "major back surgery" hadn't solved his spinal issues and that he suffered ongoing pain, the ALJ, citing evidence from a consultative examiner and a treating physician, found that Mr. Ritchie's neck and lumbar impairments—also described as spinal

4

disorders in the record—were non-severe. The ALJ didn't acknowledge or discuss the opinions of two state agency physicians—Drs. M. Brill and Fernando Montoya—that Mr. Ritchie's spinal disorder was severe.[3] The ALJ also didn't address a report from Dr. Harley Yoder, one of Mr. Ritchie's treating physicians, describing the severity of his spinal disorder. Dr. Yoder opined that "a fragment of his vertebra has almost severed his sciatic nerve . . . [causing] residual nerve damage . . . [and] chronic pain in his neck and his lower back." [Doc. No. 15 at 277]. Dr. Yoder opined that there are no surgical options to address Mr. Ritchie's aliments, noted that he was in significant pain, and directed him not to work for at least a month.

The opinions of Drs. Brill, Montoya, and Yoder regarding Mr. Ritchie's spinal disorder—none addressed by the ALJ—are sufficient to meet step two's *de minimis* screening and demonstrate that this impairment was more than a slight abnormality with no more than a minimal effect on his ability to do basic work activities.

The Commissioner notes that step two is merely a threshold requirement and argues that the court should find that the ALJ's error was harmless because she found at least one severe impairment, proceeded to the remaining steps of the evaluation process, and considered his spinal disorder when fashioning a

---

[3] Although the ALJ discussed the state agency physicians' opinions and gave them "little weight," at step four, she didn't address the portion of the opinions addressing his spinal disorder.

residual functional capacity determination. *Cf.* Castile v. Astrue, 617 F.3d 923, 926–927 (7th Cir. 2010). The ALJ met the first two requirements—she found that Mr. Ritchie's diabetes mellitus with neuropathy and obesity were severe impairments and proceeded in the sequential disability process.

To support her argument that the ALJ properly considered Mr. Ritchie's spinal disorder at step four, the Commissioner points to portions of the ALJ's opinion including boilerplate language saying she considered all of Mr. Ritchie's impairments when determining his residual functional capacity. But at step four in her opinion, she expressly stated that Mr. Ritchie's "residual functional capacity is based upon the evidence of the claimant's diabetes mellitus and obesity," [Doc. No. 15 at 21]. And even if the court agreed that the ALJ's error at step two was harmless, remand still would be required because the ALJ didn't consider the opinions of Drs. Brill, Montoya, and Yoder regarding Mr. Ritchie's spinal disorder at any point in her opinion, despite the requirement that she consider all relevant evidence, especially medical reports of treating physicians. *See* Myles v. Astrue, 582 F.3d 672, 678 (7th Cir. 2009). *See also* Murphy v. Colvin, 759 F.3d 811, 817 (7th Cir. 2014), as amended (Aug. 20, 2014) ("[i]n making a proper RFC determination, the ALJ must consider all of the relevant evidence in the record").

Mr. Ritchie makes other arguments to support his contention that the ALJ improperly determined Mr. Ritchie's residual functional capacity, but because the court has already determined that the ALJ didn't consider relevant evidence

6

in fashioning the residual functional capacity determination, the court declines to address those arguments.

Mr. Ritchie next argues that the ALJ didn't properly consider whether he had an impairment or combination of impairments that meets or medically equals a listing. He contends that the ALJ should have at least discussed whether he met or medically equaled Listing 1.04 (spinal disorders) given his back and neck impairments combined with his obesity, but Mr. Ritchie's counsel told the ALJ at the administrative hearing that Mr. Ritchie wasn't contending he met a listing. Accordingly, Mr. Ritchie forfeited this argument.

Mr. Ritchie asserts two errors regarding the ALJ's credibility determination: (1) the ALJ discounted Mr. Ritchie's credibility because she believed the objective medical evidence didn't support the limitations Mr. Ritchie claimed; (2) the ALJ improperly dismissed Mr. Ritchie's claims of limitations based on her assessment of his activities of daily living.

ALJs' credibility determinations "are entitled to special deference because the ALJ is in a better position than the reviewing court to observe a witness," but those determinations "are not immune from review." Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 354; *see also* Schmidt v. Astrue, 496 F.3d 833, 843 (7th Cir. 2007) ("[b]ecause the ALJ is in the best position to observe witnesses, [the court] will not disturb [his] credibility determinations as long as they find some support in the record"). The reviewing court must determine whether the ALJ's determination "was reasoned and supported," Elder v. Astrue, 529 F.3d

7

408, 413 (7th Cir. 2008), and shouldn't "overturn an ALJ's credibility determination unless it is patently wrong." Shideler v. Astrue, 688 F.3d 306, 311 (7th Cir. 2012) (internal quotations omitted).

Mr. Ritchie is correct that an ALJ can't discount his "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work" just because "they are not substantiated by objective medical evidence." Adaire v. Colvin, 778 F.3d 685, 687 (7th Cir. 2015) (quoting SSR 96–7p(4)). But the ALJ didn't discount subjective complaints of pain or other symptoms because they weren't substantiated by medical tests. She compared Mr. Ritchie's reports of "extreme limitations in his ability to sit, stand and walk" with "multiple references [in] the record to [his] normal gait, full range of motion in his upper extremities, lower extremities and back, and his 5/5 strength in all muscle groups." [Doc. No. 15 at 21]. This doesn't constitute an error.

Mr. Ritchie is on better footing when he argues that the ALJ improperly discounted his credibility based on his activities of daily living. "Although it is appropriate for an ALJ to consider a claimant's daily activities when evaluating their credibility . . . this must be done with care," Roddy v. Astrue, 705 F.3d 631, 639 (7th Cir. 2013), and an ALJ can't use a claimant's "successful performance of life activities as a basis to determine that her claims of a disabling condition were not credible . . . without acknowledging the differences between the demands of such activities and those of a full-time job." Ghiselli v. Colvin, 837

F.3d 771, 777–778 (7th Cir. 2016).

The ALJ noted that Mr. Ritchie reported he "could drive a car for 30 minutes, perform household chores (e.g. sweep, mop, wash dishes and vacuum), prepare meals and shop." Id. The ALJ thought that these activities suggested he wasn't as limited as he claimed. The ALJ didn't address how driving a car for 30 minutes or doing simple household chores compared to full-time employment as an automobile painter. And "[a]n ALJ cannot disregard a claimant's limitations in performing household activities," Moss v. Astrue, 555 F.3d 556, 562 (7th Cir. 2009), but the ALJ didn't acknowledge Mr. Ritchie's testimony of limitations in his activities, such as testimony that his father does most of the household chores because Mr. Ritchie feels like he is going to pass out when he does simple tasks like washing the dishes.

Because this matter is being remanded on another issue, the court needn't decide whether this problem alone makes the ALJ's credibility determination patently wrong. On remand, the ALJ should ensure that her credibility determination is reasoned and supported. *See* Creek v. Village of Westhaven, 144 F.3d 441, 445 (7th Cir. 1998) (quoting Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168, (1939)) (a lower court can consider issues that weren't included within the mandate of the reviewing court).

Mr. Ritchie next contends that the Appeals Council's rejection of evidence he submitted from his treating physician requires remand. The evidence in question—a letter from his treating physician that was prepared after the ALJ

9

issued her decision—described the physician's opinion of Mr. Ritchie's medical condition and stated that his "chronic lumbar and cervical spine problems do pose a chronic and life time interference with his ability to work." [Doc. No. 438]. Mr. Ritchie hasn't shown that the Appeals Council erred because this new evidence alone doesn't provide a basis for changing the ALJ's decision, *see* Perkins v. Chater, 107 F.3d 1290, 1294 (7th Cir. 1997), but the ALJ should consider this evidence on remand.

IV. CONCLUSION

The court VACATES the Commissioner's decision and REMANDS this case for further proceeding consistent with this opinion.

SO ORDERED.

ENTERED:     July 23, 2018

/s/ Robert L. Miller, Jr.
Judge, United States District Court